**Slip Op. 01-72**

# UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

UNITED STATES,

              Plaintiff,

        v.

NIPPON MINIATURE BEARING CORPORATION and MINEBEA CO., LTD.,

              Defendants.

</td><td>

BEFORE: Pogue, Judge
Court No. 96-12-02853

</td></tr>
</table>

[This slip opinion was previously issued as a memorandum opinion and order dated August 15, 2000. It is being published as a precedential disposition pursuant to the Court's June 19, 2001, order granting Plaintiff's motion to publish.]

Decided: June 19, 2001

Stewart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; A. David Lafer, Senior Trial Counsel; Commercial Litigation Branch, Civil Division, United States Department of Justice (Michele D. Lynch); AnnMarie Highsmith, Office of the Chief Counsel, United States Customs Service, Of Counsel; and Jeffrey B. Whalen, Of Counsel, Attorney, Office of Regulations & Rulings, United States Customs Service, for Plaintiff.[*]

Coudert Brothers (Steven H. Becker, Robert L. Eisen, Paul A. Horowitz, Scott D. Schauf); Shaw Pittman (Jack McKay, Michele N. Tanaka), for Defendants.

---

[*]Ms. Lynch has in the meantime been substituted by Ada E. Bosque as the attorney of record for the Plaintiff in this action. Ms. Lynch appears in the caption because she wrote the Plaintiff's motion to publish and represented the Plaintiff when the August 15, 2000 Memorandum and Order was issued.

**OPINION**

**Pogue, Judge:** United States, Plaintiff, asserts that, "pursuant to section [43](b) of the Lanham Act[, 19 U.S.C. § 1125(b) (1988)], Customs was authorized to bar the goods [at issue] from entry into the United States."  See Pl.'s Pretrial Mem. at 51.  Defendants contest Customs' authority to make independent determinations that Section 43(a) of the Lanham Act, 19 U.S.C. § 1125(a), has been violated, and allege that Customs can only bar admission of merchandise under Section 43(b) pursuant to a court order finding a violation of Section 43(a).  See Def.'s Pretrial Mem. at 17-31. The plain language of Section 43(b) and Customs regulation 19 C.F.R. § 11.13(a) indicate that Customs may deny entry to merchandise that violates Section 43(a).  The key issue is therefore whether Customs may deny entry upon an independent determination that imported merchandise is in violation of Section 43(a), or if Customs may deny entry only pursuant to a court order finding that Section 43(a) has been violated.  The Court resolves this issue in favor of Plaintiff prior to trial pursuant to CIT Rules 1 and 16(e).

For convenient reference, the Court quotes Section 43 of the Lanham Act in full:

> **§ 1125.    False designations of origin and false descriptions forbidden**
>
> **(a) Civil action**
>
> (1)  Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce

any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which B

 (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

 (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, service, or commercial activities

shall be liable in a civil action by any person who believes that he or she is or is likely to be damages by such act.

**(b) Importation**

Any goods marked or labeled in contravention of the provisions of this section shall not be imported into the United States or admitted to entry at any customhouse of the United States. The owner, importer, or consignee of goods refused entry at any customhouse under this section may have any recourse by protest or appeal that is given under the customs revenue laws or may have the remedy given by this chapter in cases involving goods refused entry or seized.

15 U.S.C. § 1125(a)-(b) (1988).[1]

Customs' regulation for enforcing Section 43 provides:

Articles which bear, or the containers of which bear,

---

[1]The entries in question occurred between 1986 and 1989. Thus, the Court notes that the 1982 version of Section 43(a) is essentially the same as the 1988 version. The 1982 version, however, does not contain the language of 43(a)(1)-(2) found in the 1988 version. The 1982 version defines a "false description or representation" as "words or other symbols tending falsely to describe or represent." 15 U.S.C. § 1125(a) (1982). This language is identical to that used in Customs regulation 19 C.F.R. § 11.13(a). The 1982 version of Section 43(b) is identical.

> false designations of origin, or false descriptions or
> representations, including words or other symbols tending
> falsely to describe or represent the articles, are
> prohibited importation and shall be detained.

19 C.F.R. § 11.13(a)(1986).[2]

The Court holds that Customs may make an independent determination that Section 43(a) has been violated. First, it has been held that Customs may make such a determination in other contexts. For example, in Ross Cosmetics Distribution Centers, Inc. v. United States, 18 CIT 979 (1994), Customs issued a letter ruling pursuant to a pre-importation request from Ross Cosmetics that found that Ross Cosmetics' merchandise was marked so as to constitute a counterfeit use of trademarks. Id. at 979. The court held that Customs had authority to protect the trademarks at issue, regardless of whether they had been registered with the Patent and Trademark Office or recorded with Customs, "[b]y virtue of th[e] broad coverage of Section 43." Id., 18 CIT at 983; see also Reebok International Ltd. v. Marnatech Enterprises, Inc., et. al 737 F. Supp. 1515, 1517 (S.D.Cal., 1989). In the context of the protection of trademark rights, Customs' determination in the form of letter ruling finding a violation of Section 43(a) was held to be a permissible exercise of its authority. No court order was required to deny entry of the merchandise pursuant to Section 43(b).

---

[2]The footnote to this regulation quotes, among other statutory provisions, 15 U.S.C. § 1125. The 1987 and 1988 versions of the regulation are identical. The 1989 version of the regulation includes the text of 15 U.S.C. § 1125 in the body of the regulation.

Customs may also make an independent determination that merchandise has been marked with a false indication of origin pursuant to several statutes, including Section 43(b). As noted in the treatise Customs Law and Administration, "[Section 43(b)] also prohibits the importation of merchandise bearing a false country of origin or false description. . . . As a practical matter, this provision is redundant of 19 U.S.C. § 1304." [1 Commentary] Customs Law and Administration, Booklet 4, Part 1, § 12.1 at 68 (Dec. 1999). And "[p]ursuant to 19 U.S.C. § 1304 all merchandise imported into the United States must be marked with the country of origin. If the merchandise is not properly marked with the country of origin, it cannot be released from Customs custody and admitted into the country. . . . Customs may utilize [enforcement procedures] when it finds that goods were not properly marked." Id. at 67. This discussion suggests that Customs may make an independent finding that the provisions of Section 43(a) have been violated, and thus need not obtain a court order to act pursuant to Section 43(b).

The Court sees no reason why Customs should not be allowed to exercise similar authority in the context of false descriptions of merchandise. In this case, Defendants did not request a pre-importation letter from Customs, although they could have. Rather, Customs made its determination to deny entry to the merchandise because of a Section 43(a) violation following its own investigation of the matter. The Court does not, however, consider this difference in procedural circumstance to require a different

decision regarding Customs' authority.  The language of Section 43(b) does not specify that Customs is required to obtain a court order before acting to deny entry to merchandise that is in violation of the statute, and the Court refuses to read such a provision into the statute.  See VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1579 (Fed. Cir. 1990) ("It is axiomatic that statutory interpretation begins with the language of the statute.  If . . . the language is clear and fits the case, the plain meaning of the statute will be regarded as conclusive.")(citations omitted).  See also SKF v. United States, 24 CIT __, __, 94 F. Supp. 2d 1351, 1357 (2000).

Moreover, the second part of Section 43(b) provides the importer with a right to challenge Customs' determination to bar entry to falsely described goods.  It is inconsistent to argue that Customs may exclude falsely described goods only pursuant to a court order, and that the statute permits challenges to Customs' decisions to deny entry to goods in violation of Section 43(a).  While a civil action by a third party is one way to enforce the provisions of Section 43(a), Section 43(b) and 19 C.F.R. § 11.13(a) allow Customs to act independently, though subject to review, to enforce Section 43(a) at the border by denying entry to merchandise that violates its provisions.  See Vivitar Corp. v. United States, 761 F.2d 1552, 1569 (1985) ("Customs' administrative determination [pursuant to 15 U.S.C. § 1124] that importations bear a mark that is not likely to cause confusion with a recorded mark has no effect on a trademark owner's right to obtain a judicial determination of

infringement and, thereafter, to have such goods excluded (or vice versa).") (cites omitted).

Therefore, upon consideration of Plaintiff's Pretrial Memorandum, and Defendants' and Counterclaim Plaintiff's Pretrial Memorandum, and upon all other papers and proceedings herein, it is hereby

**ORDERED** that Customs, pursuant to its authority set forth at Section 43(b) of the Lanham Act, 15 U.S.C. § 1125(b) (1994), may prevent importation of merchandise that Customs determines violates Section 43(a) of that Act, 15 U.S.C. § 1125(a).

 

Donald C. Pogue
Judge

Dated:     June 19, 2001
           New York, New York